## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case Nos. 07-20143-002-CM |
| ALEJANDRO VASQUEZ-SEPULVEDA,) | 09-2320-CM |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM AND ORDER

Defendant Alejandro Vasquez-Sepulveda was named in an indictment that charged him with conspiracy to distribute and possession with intent to distribute methamphetamine (Count 1); distribution of methamphetamine (Count 2); and possession with intent to distribute methamphetamine (Count 3). Defendant pleaded guilty to Counts 1 and 2 on February 27, 2008 without a plea agreement. The court sentenced defendant to 135 months imprisonment on July 30, 2008.

The case is before the court on defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 118). Defendant asks the court to grant his motion because he received "ineffective assistance of counsel at all stages of the case." He further states that he will raise more issues after he receives the case file from his former attorney, John Duma. He does not give any detail on how he suspects that his counsel was ineffective.

A conclusory allegation that counsel was ineffective is insufficient to warrant habeas relief, even when a defendant proceeds *pro se*. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). "[A] convicted defendant making a claim of ineffective assistance of counsel must identify

the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Construing defendant's motion liberally, as the court must, there are no factual allegations in the motion to support his claim for relief.

In its present form, defendant's motion does not entitle him to relief. The question, then, is whether the court must give defendant further opportunity to obtain more information before deciding his motion. Specifically, is defendant entitled to his case file and transcripts before the court rules on his motion? Defendant sent a letter to his attorney on April 5, 2009, requesting the indictment, plea agreement, plea hearing transcripts, docket sheet, presentence investigation report, sentencing transcripts, and the judgment and commitment. Although defendant requested the materials from his attorney, the court will construe his present request as a request for the court to provide him the materials. *See United States v. Suarez*, No. 03-20085-JWL, 2007 WL 2323362, at *1 (D. Kan. Aug. 9, 2007) ("[T]he court notes that it has discovered no authority, nor has Mr. Suarez provided any, permitting the court to compel an attorney to provide his or her client with the entire case file under these circumstances. Recognizing that it must construe Mr. Suarez's pro se motion liberally, however, the court interprets Mr. Suarez's motion as requesting his case file directly from the court.").

The court addresses the request for transcripts first. Defendant has not specified whether he seeks them at no cost, but because defendant was appointed counsel in this case and has not indicated a willingness to pay for transcripts, the court presumes that he seeks transcripts at no cost. A defendant, however, does not have an unconditional right to free transcripts. *Sistrunk v. United States*, 992 F.2d 258, 259–60 (10th Cir. 1993). 28 U.S.C. § 753 provides that under certain

circumstances, a defendant may receive a free trial transcript to help him prepare a habeas petition. To qualify, the court must "certif[y] that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). "Conclusory allegations that a defendant was denied effective assistance of counsel, without more, do not satisfy the requirements of § 753(f)." *Sistrunk*, 992 F.2d at 259. Conclusory allegations are all that defendant has presented here. Defendant is not entitled to free transcripts.

Although § 753(f) does not expressly govern defendant's request for other documents, the Tenth Circuit has affirmed the denial of requests for documents for failure to meet the § 753(f) standard. *See, e.g., Nortonsen v. Larimer County Dist. Court*, No. 05-1390, 2006 WL 1086437, at *1 (10th Cir. Apr. 26, 2006); *United States v. Lewis*, No. 94-3158, 1994 WL 563442, at *1 (10th Cir. Oct. 14, 1994). Defendant's request for other documents therefore fails for the same reason that his request for free transcripts fails. He has not demonstrated a non-frivolous claim. His vague and conclusory allegation of ineffective assistance is insufficient to entitle defendant to a hearing or relief.

**IT IS THEREFORE ORDERED** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 118) is denied.

Dated this 1st day of September 2009, at Kansas City, Kansas.

          **s/ Carlos Murguia**
          **CARLOS MURGUIA**
          **United States District Judge**